1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   GERALD KNIGHTEN,                    No. 2:15-CV-1751-TLN-CMK
12              Plaintiff,
13        vs.                            <u>ORDER</u>
14   CITY OF ANDERSON, et al.,
15              Defendants.
16   _____/

17            Plaintiff, who is proceeding with retained counsel, brings this civil action.
18   Pending before the court is defendants' motion for sanctions (Doc. 31).  A hearing was held on
19   October 19, 2016, before the undersigned in Redding, California.  John Douglas Barr, Esq.,
20   appeared for plaintiff.  Bruce Alan Kilday, Esq., appeared for defendants.  After hearing oral
21   arguments from the parties, the matter was submitted.
22            Defendants contend that plaintiff's counsel has violated the court's protective
23   orders in <u>Haught v. City of Anderson, et al.</u>, 2:11-CV-1653-JAM-CMK, with respect to the use
24   of confidential information.[1]
25   _____
26        [1]     The <u>Haught</u> matter settled and was closed on January 5, 2016.

                                           1

# I. BACKGROUND

In the <u>Haught</u> case, the court entered three stipulated protective orders regarding the use of confidential information disclosed through discovery.  The first two orders govern the use and disclosure of documents relating to certain Anderson Police Department officers (<u>see</u> Docs. 41 and 85 in 2:11-CV-1653-JAM-CMK).   A third order extends the prior orders to cover confidential materials related to Officer Miller, a defendant in the <u>Knighten</u> action (<u>see</u> Doc. 90 in 2:11-CV-1653-JAM-CMK).  With respect to disposition of confidential documents upon termination of the <u>Haught</u> case, the parties agreed and the court ordered as follows:

> <u>Return/Destruction of Confidential Material</u>.  Upon final termination of the Litigation, the Confidential Material, except for that incorporated in pleadings, deposition transcripts, and the work product of counsel, shall be destroyed **or** returned to CITY (emphasis added).

# II. DISCUSSION

In the pending motion, defendants argue that plaintiff's counsel has violated the protective orders by not destroying or returning confidential documents following termination of the <u>Haught</u> matter in January 2016.  Defendants speculate that confidential documents are being used ". . .to attempt to bolster Mr. Knighten's *Monell* claim against Defendant City of Anderson in this case."  Defendants' belief is based on plaintiff allegations of prior excessive force complaints against Officer Miller set forth in paragraph 18 of the first amended complaint filed in April 2016 (<u>see</u> Doc. 21 in 2:15-CV-1751-TLN-CMK).  In paragraph 18, plaintiff alleges:

> 18.    Prior to his assault on plaintiff KNIGHTEN, defendant MILLER had been the subject of several excessive force complaints.  In spite of that fact, defendant CITY had advanced him in rank to Sergeant and had made him the lead training officer.  During the investigation into the rape-kidnapping case, it came to light that much of the wrongful behavior was done by officers who were MILLER's direct subordinates while he was on duty.  In spite of that, he remained a Sergeant and lead training officer, making about $150,000.00 a year including overtime, health insurance, and retirement.  Defendant CITY has a small department (less than 20 officers) so it is not plausible that he and other supervisors in the department did not know about much of the misconduct.  Still, nothing

1  was done to protect citizens from this out of control police force.

2  Defendants note that the allegations of prior excessive force complaints against defendant Miller

3  were not contained in the original complaint filed in the Knighten action in August 2015, and

4  first appear in the amended complaint filed in April 2016 after confidential documents were

5  produced in October and November 2015 in the Haught case.

6  Defendants seek: (1) an order requiring plaintiff's counsel to return the

7  confidential documents; (2) an order striking any allegations in plaintiff's first amended

8  complaint ". . .that were based upon or refer to the confidential materials"; and (3) an order

9  awarding attorneys' fees incurred in bringing the motion.

10  In opposition, plaintiff's counsel argues:

11  1.  Defendants' counsel has precluded plaintiff's counsel from returning the
confidential documents because not all confidential documents are
12  marked, they are mixed in with thousands of pages of other documents,
and defendants' counsel has not responded to plaintiff's counsel's letter
13  seeking confirmation of which documents should be returned.

14  2.  Sanctions are not warranted because no confidential materials were used in
the Knighten case.

15

16  3.  The rules of professional conduct require plaintiff's counsel to maintain
client files, which in the Haught case include the confidential materials,
for five years.

17

18  4.  Plaintiff's counsel must retain the confidential materials to cross-check
that none is used.

19  **Return of Confidential Documents** – Because the protective orders require

20  plaintiff's counsel to either return or destroy the confidential documents, plaintiff's non-return of

21  documents does not in and of itself violate the protective orders.

22  While plaintiff's counsel has not violated the Haught protective orders in the

23  manner suggested by defendants in their motion, plaintiff's counsel has nonetheless violated the

24  protective orders.  Specifically, it is clear from plaintiff's counsel's filings that he has neither

25  returned nor destroyed the confidential materials following resolution of the Haught case.  In

26  fact, plaintiff's counsel argues that he must be permitted to retain these documents essentially in

3

1   perpetuity.  The court finds plaintiff counsel's arguments unpersuasive.

2         Plaintiff's counsel cites California Rule of Professional Conduct 4-100(B)(3) for

3   the proposition that he must maintain his files in the <u>Haught</u> case – including the confidential

4   materials – for five years.  Rule 4-100(B)(3), however, requires attorneys to maintain "complete

5   records of all funds, securities, and other properties of a client. . . ." and to preserve such records

6   for five years.  The rule does not require plaintiff's counsel to retain the confidential materials.

7   Further, plaintiff's counsel made no such objection at the time he signed the stipulated protective

8   orders.

9         Plaintiff's counsel also argues that he must be permitted to retain the confidential

10  materials as the only means to cross-check that such materials are not used outside the <u>Haught</u>

11  case in violation of the protective orders.  According to plaintiff's counsel, during the course of

12  the <u>Haught</u> case he "had to get all of the pertinent information into his head" and he "cannot

13  separate the protected from the non-protected if he does not have the protected information to use

14  to remind him what *not* to disclose."  This argument is unpersuasive.  All information has a

15  source which counsel must know for him to be aware of the information in the first place.  Thus,

16  counsel should know what information was derived from non-protected sources without

17  reference to the confidential materials.  Counsel's apparent inability to keep his files in order is

18  not justification for violation of the protective orders.

19        Because plaintiff's counsel has neither returned nor destroyed the confidential

20  materials produced in the <u>Haught</u> case despite termination of that case, he is in violation of the

21  court's protective orders and will be sanctioned.  Counsel will also be required to return and/or

22  destroy the confidential materials, maintain no copies of such materials, and so declare under

23  penalty of perjury.

24  / / /

25  / / /

26  / / /

**Striking Paragraph 18** – Defendants contend that plaintiff's reference to prior excessive force complaints against defendant Miller in the first amended complaint indicate a use of confidential materials, in violation of the protective orders.  As plaintiff notes, however, defendant Miller admitted at his deposition in the <u>Haught</u> case that prior excessive force complaints had made against him.  Moreover, plaintiff's counsel has submitted his declaration in which he states that he did not use any confidential materials in drafting the first amended complaint.  On this record, defendants cannot meet their burden of establishing that plaintiff's counsel used confidential materials outside the <u>Haught</u> case.

**Attorneys' Fees** – As a further sanction, defendants seek their attorneys' fees associated with bringing the instant motion.  The court finds that an award of attorneys' fees is appropriate and will provide defendants' counsel an opportunity to submit a declaration setting forth reasonable attorneys' fees.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendants' motion for sanctions (Doc. 31) is granted;

2.      Within 10 days of the date of this order, plaintiff's counsel shall file a declaration, signed under penalty of perjury, confirming that all confidential materials produced in the Haught case have either been returned to defendants or destroyed;

3.      A sanction in the amount of $750.00 is imposed on plaintiff's counsel for violation of the court's protective orders, such sanction to be paid by counsel to the court within 10 days of the date of this order;

4.      Defendants' counsel may submit, within 10 days of the date of this order, a declaration supporting an award of attorneys' fees.


DATED:  December 12, 2016

_Craig M. Kellison_
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE